Matthias, J.
 

 These cases present questions arising upon two appeals — the appeal of the plaintiff from the judgment of the Court of Appeals reversing the action of the Court of Common Pleas whereby it awarded judgment for plaintiff on the cross-petition •of the defendant, and the appeal of the defendant from the judgment of the Court of Appeals affirming the judgment rendered by the Court of Common Pleas in plaintiff’s favor on the claim set out in her amended petition.
 

 We shall refer to. the parties throughout this opinion as plaintiff and defendant as they appeared in the trial court.
 

 Two questions of law are before us in these cases: (1) The validity of payments of salary to the plaintiff for her services as clerk-treasurer of the board of education for the period from January 3, 1938, to March 10, 1938; and (2) the validity of plaintiff’s claim for
 
 *531
 
 .salary for services rendered as clerk-treasurer from January 1, 1939, to March 7, 1939.
 

 Plaintiff was elected clerk-treasurer of the board of education January 6, 1936, for a period of two years .at a salary of $1,800 per annum and on May 18, 1936, her salary was increased to $3,000 per year.
 

 At the meeting of the board on January 3, 1938, a .resolution was adopted fixing the salary of 'the clerk-treasurer at $3,000 per annum for a period of one year. At that meeting, the names of two members of the board were presented as candidates for clerk-treasurer. Three votes, including her own, were east for the plaintiff and two votes were cast for member Evans, one of which was his own. The plaintiff was ■declared elected by the president of the board and the board then by unanimous action passed a resolution .appropriating the sum of $750 as salary for the clerk-treasurer for the period ending March 31, 1938.
 

 Having been declared re-elected clerk-treasurer, the plaintiff continued in the performance of all the ■duties of that position as theretofore, and as such clerk-treasurer continued to render service pursuant to and in accordance with the specific directions of the board as set forth in various resolutions unanimously passed. Her salary was paid each month as contemplated by the resolution passed by the board January 3, 1938, fixing compensation and the resolution unanimously adopted making appropriation for such purpose, warrants 'therefor having been signed by the president of the ■board.
 

 However, the validity of the election of plaintiff having been brought into question, the board at a ■subsequent meeting on March 10, 1938, rescinded its former action and immediately thereafter passed a resolution electing the plaintiff clerk-treasurer, three members of the board voting therefor, plaintiff not
 
 *532
 
 voting. The resolution did not specify the term to be served under such election.
 

 During the latter part of 1938, one member of the board resigned and the board functioned as a four-member board until February 15, 1939, when William F. Iiecker qualified as a member of the board, he having been appointed by the probate judge of the county pursuant to the provisions of Section 7610-1, General Code.
 

 At the reorganization meeting of the board on January 3, 1939, because of a tie vote there was no election of a clerk-treasurer. However,- a resolution was unanimously adopted by the board making an appropriation for the three-month period ending March 31, 1939, which included “A 2 Salary-Clerk $750.”.
 

 We have seen that the clerk-treasurer’s salary for the year 1938 was $3,000. Apparently the appropriation of $750 for salary of the clerk was made in accordance therewith and pursuant thereto and thus provided for the salary of the clerk-treasurer as theretofore.
 

 The plaintiff continued in the full performance of all the duties of the position, not only with the knowledge and acquiescence of the board, but pursuant to and in accordance with the specific direction of the board, as shown bj- numerous resolutions unanimously passed by the board.
 

 On January 12, 1939, a resolution was unanimously passed instructing plaintiff to pay the teachers’ pay roll covering the month of January.
 

 On January 31, 1939, by unanimous action of the members of the board, plaintiff was authorized, together with the vice president, to sign a note in the sum of $54,000 pledging the full faith, credit and revenue of the school district to the payment thereof.
 

 On February 9, 1939, a resolution instructing the clerk-treasurer to pay the teachers’ pay roll covering the month of February was unanimously adopted.
 

 
 *533
 
 On February 15,1939, a resolution was unanimously adopted authorizing the president or vice president and the clerk-treasurer to sign all warrants issued by the Board of Education of the Euclid City School District.
 

 On the same date, a resolution’ was unanimously .adopted authorizing the president or vice president .and the clerk-treasurer to execute necessary documents to secure funds derived from taxes from the county auditor for the fiscal year 1939.
 

 Plaintiff has not been compensated for her services .as clerk-treasurer for the period between January 1, 1939, and March 7, 1939, the reason therefor being, as stated by the president of the board, his refusal to ■sign the checks, his signature being essential to their validity.
 

 On March 6, 1939, plaintiff was re-elected clerk-treasurer for the period from March 7, 1939, to December 31, 1939, the resolution stating “that a salary of $2,100 for the said period be paid in 10 equal installments.”
 

 The plaintiff although a member of the board, by virtue of Section 4747, General Code, was eligible to the position of clerk, and as such was an employee rather than an officer.
 
 Board of Education of City School District of City of Cleveland
 
 v.
 
 Juergens,
 
 110 Ohio St., 667, 145 N. E., 31;
 
 Board of Education of City School District of City of Cleveland
 
 v.
 
 Featherstone,
 
 110 Ohio St., 669, 145 N. E., 31. The following statement of this court in disposing of those cases is applicable here: “The board of education under the power conferred by Section 4781, General Code, having in good faith fixed his compensation at the amounts which are here sought to be recovered, the receipt thereof by the defendant in error was not unlawful.”
 

 The services of the plaintiff as clerk-treasurer could have been terminated by the board of education Jan
 
 *534
 
 uary 1, 1939, or at any other time. The board on the contrary appropriated for the payment of the salary of the clerk-treasurer the exact amount previously fixed and paid the plaintiff and specifically directed her continuance in the performance of the same duties and the rendition of like services as theretofore. The board should not now be permitted to assert its mere delay in formally re-electing or reappointing the plaintiff as a defense to her claim for payment for such services which so far as the record shows were efficient and were rendered in good faith and in full reliance upon an appropriation legally made for the payment of those services.
 

 The same principle, of course, is applicable to the claim of the defendant in its cross-petition wherein it seeks to recover the money paid plaintiff for services rendered by her during the January-March 1938 period.
 

 The defense of the plaintiff’s waiver by her conduct of any right or interest in and to compensation for services rendered during the year 1939 prior to March 6 was submitted by the trial court to the jury as a question of fact and, the decision having been adverse to the contention of defendant, need not be considered here.
 

 It is our conclusion that the Common Pleas Court committed no error in awarding judgment for plaintiff on the .cross-petition of the defendant, and its judgment in that respect was improperly reversed by the Court of Appeals. In our opinion, the plaintiff was entitled to compensation for the period from January 1 to March 6, inclusive, 1939, and therefore the Court of Appeals was correct in affirming the judgment of the Court of Common Pleas in plaintiff’s favor upon the cause of action stated in her amended petition.
 

 It follows that the judgment of the Court of Appeals in Cause No. 29448, wherein that court reversed
 
 *535
 
 the judgment of the Court of Common Pleas as to defendant’s cross-petition, is reversed, and in Cause No. 29458 the judgment of the Court of Appeals affirming the judgment of the Court of Common Pleas is in all respects affirmed.
 

 Judgment reversed in Cause No. 29448.
 

 Judgment affirmed in Cause No. 29458.
 

 Weygandt, C. J., Hart, Zimmerman, Bell ■ and Turner, JJ., concur.
 

 Williams, J., not participating.