Per Curiam.

The respondent Thompson, elected by the relator as its clerk pursuant to Section 3313.22, Revised Code, refuses to perform a ministerial duty as such clerk, which the relator has ordered her to perform, because she is “doubtful” as to her duties. The relator has an adequate remedy by way of self-help, since the clerk serves at the pleasure of the relator and may be removed summarily at any time at its will (Schrock v. Board of Education of Euclid School Dist., 141 Ohio St., 528, 533, 49 N. E. [2d], 177).
Relator contends that this court, in the case of State, ex rel. Underground Parking Commission, v. Alexander, Secy.-Treas., 167 Ohio St., 359, 148 N. E. (2d), 500, did not intend to establish a rule as to remedy by way of self-help which would bar the instant action but intended only to make a limited application of the rule on the basis of the facts involved therein, and relator cites as authority the later case of State, ex rel. Board of Education of Painesville Local School District, v. Crandall, Clerk, 167 Ohio St., 399, 149 N. E. (2d), 163, wherein such rule was not applied. This contention is without merit. In the Crandall case, there was neither reason nor opportunity to apply the rule, since the court there held that the petition in mandamus failed to státe a cause of action, in that it was obvious that the mandatory provisions of Section 133.041, Revised Code, relative to securing the approval of the state Department of Education, had not been complied with, and denied the writ for that reason.
The demu.rrer to the.petition is sustained and the. writ is *95 denied on authority of the Underground Parking Commission case, supra.

Demurrer sustained and writ denied.

Zimmerman, Stewart, Taft, Matthias, Bell and Herbert, JJ., concur.